IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| DURPHY TAYLOR and ANDREA CARTER,<br>　　*Plaintiffs,*<br><br>v.<br><br>TRANQUILITY GARDENS, INC. and TONA KELLER,<br>　　*Defendants.* | C.A. NO._____<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Durphy Taylor and Andrea Carter (collectively "Plaintiffs") brings this suit against Tranquility Gardens, Inc. and Tona Keller (collectively "Defendants" or "Tranquility Gardens") under 29 U.S.C. § 216(b), individually and on behalf of all current and/or former non-exempt employees of Defendants who were not paid minimum wage as well as overtime for the hours they worked over forty (40) hours per week and were misclassified as independent contractors. Additionally, Plaintiff seeks to recover the past three years of back wages, liquidated damages, and attorneys' fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### I. NATURE OF THE CASE

1.　Plaintiffs' claims arise under the FLSA for unpaid minimum wages and overtime wages. The FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

2.　Tranquility Gardens willfully violated the FLSA because the company knew or

showed a reckless disregard for whether its pay practices were unlawful. Therefore, Plaintiffs bring this action, individually and behalf of similarly situated current and/or former employees of Defendants, under 29 U.S.C. § 216(b) to recover back wages, liquidated damages, and attorneys' fees and costs.

## II. PARTIES

3. Durphy Taylor is an individual, who is a citizen of the State of Texas and resides within the Southern District of Texas where a substantial part of the events or omissions giving rise to the claim occurred.

4. Andrea Carter is an individual, who is a citizen of the State of Texas and resides within the Southern District of Texas where a substantial part of the events or omissions giving rise to the claim occurred.

5. Defendant Tranquility Gardens, Inc. is a domestic for-profit corporation that may be served through its registered agent, Tona Keller located at 6146 Southwell Lane, League City, Texas 77573. Alternatively, if the registered agent of this Defendant cannot with reasonable diligence be found at the company's registered office, Defendant may be served with process by serving the Texas Secretary of State. *See*, TEX. BUS. ORG. CODE §§ 5.251-5.254; *see also*, TEX. CIV. PRAC. & REM. CODE § 17.026.

6. Defendant Tona Keller is the owner of Tranquility Gardens, Inc. that may be served with process at 6146 Southwell Lane, League City, Texas 77573 or wherever she may be found.

7. An allegation that Defendants committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants, or employees committed such an act or omission and that, at the time such act or omission was

2

committed, it was done with the full authorization, ratification, or approval of Defendants or was done in the normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

### III. JURISDICTION AND VENUE

8. This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

9. Venue is proper in this district and division because Defendants reside in this district and division. 28 U.S.C. § 1391(b)(1).

### IV. FACTS

10. Tranquility Gardens – through its owner Tona Keller – provides home health care services and employs live-in aides, like Plaintiffs, to provide (24) twenty-four-hour care. As such, Tranquility Gardens and Tona Keller do business in the territorial jurisdiction of this Court.

11. Defendants employed Taylor from approximately March 2022 to July 2022. Defendant hired Taylor as a home health aide.

12. Defendants has employed Carter from approximately February 2021 to the present as a home health aide.

13. Throughout Plaintiffs' employment, they were responsible for cooking meals, passing out medication, and performing basic personal care duties such as bathing and dressing for the patients at the home located at 6146 Southwell Lane, League City, Texas 77573 ("the home").

14. Plaintiff Taylor additionally helped with maintenance for the property, including

moving furniture and mowing the lawn.

15. However, though Defendants misclassified Plaintiffs as being independent contractors, Defendants acted as Plaintiffs' employer.

16. During Plaintiffs' employment with Defendants, they were engaged in commerce or in the productions of goods for commerce. Additionally, during Plaintiffs' employment with Defendants, Defendants had other employees engaged in commerce or in the production of goods for commerce.

17. Defendants run a business that provides medical and/or nursing care for the residents of the home. Moreover, during Plaintiffs' employment with Defendants, the company had an annual gross volume of sales made or business done of at least $500,000.

18. Defendants paid Plaintiffs a mere $500.00, twice a month. Additionally, Defendants improperly paid Plaintiffs on a 1099 basis, though Plaintiffs lived and worked full-time at the home, used Defendants' equipment and supplies, and were told what to do and how to do it by Defendants. Moreover, Plaintiffs were required to work up to twenty-four (24) hours per day, seven days a week for Defendants, when Defendants were short-staffed, leaving no time to get a full night of sleep, much less work for anyone else. In other words, Defendants misclassified Plaintiffs as independent contractors when they should have been classified as employees.

19. During Plaintiffs' employment with Defendants, due to the sheer number of hours they worked, their hourly rate was well below the federal minimum wage. On weeks where Defendants were short-staffed, Plaintiffs worked up to twenty-four (24) hours per day, making their hourly rate dip as low as an unconscionable $1.11 per hour.

20. Moreover, during Plaintiffs' employment with Defendants, they regularly worked

4

in excess of forty hours per week. Further, Defendants knew or should have known that Plaintiffs worked in excess of forty hours per week.

21. Despite this, Defendants did not pay Plaintiffs for the hours they worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C § 207(a)(1).

22. Instead, Defendants paid Plaintiffs straight time for overtime, regardless of the number of hours they worked.

23. In fact, Defendants did not require Plaintiffs to log their hours at all.

24. Plaintiffs were not and are not exempt from the maximum hour requirements of the FLSA. Specifically, as an aide, Plaintiffs' primary duties were non-exempt as their primary duties did not include office or nonmanual work. Additionally, as aides, Plaintiffs' primary duties were not directly related to the management or general business operations of Defendants or its customers. Further, Plaintiffs primary duties as aides did not differ substantially from the duties of traditionally non-exempt hourly workers.

25. As an aide, Plaintiffs did not, in performing their primary duties, regularly exercise discretion and independent judgment with respect to matters of significance. Instead, Plaintiffs were required to follow Defendants' policies, practices, and procedures. Moreover, Plaintiffs did not have any independent authority to deviate from Defendants' policies, practices, and procedures.

26. As such, Defendants knew or should have known that Plaintiffs were not exempt from the maximum hour requirements of the FLSA.

27. Defendants willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

5

28. Additionally, during Plaintiffs' employment with Defendants, the company did not maintain accurate time and pay records for Plaintiffs as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

29. Defendants continued the pay practice(s) complaint of by Plaintiffs, without investigation, despite being put on notice that the pay practice(s) violated the FLSA.

30. Because Defendants willfully violated the FLSA, the company is liable to Plaintiffs for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

31. As a result of the FLSA violation(s) described above, Defendants are liable to Plaintiffs for back wages, liquidated damages, and attorneys' fees and costs. 29 U.S.C. § 216(b).

32. All aides who were paid on a salary basis and employed by Defendants during the last three years are similarly situated to Plaintiffs because (1) they have similar job duties; (2) they were paid the same way and the same amount; (3) they were not paid the federal minimum wage; (4) they regularly worked or work in excess of forty hours per week; (5) they were or are not paid overtime for the hours they worked or work in excess of forty hours per week as required by 29 U.S.C. § 207(a)(1); and (6) they are entitled to recover back wages, liquidated damages, and attorneys' fees and costs from Defendants under 29 U.S.C. § 216(b).

## V. CAUSES OF ACTION

### Count No. 1 – Failure to Pay Minimum Wage in Violation of 29 U.S.C. § 206

33. Plaintiffs adopt by reference all the facts set forth above. *See*, FED. R. CIV. P. 10(c).

34. During Plaintiffs' employment with Defendants, they were non-exempt employees

and entitled to be paid the federal minimum wage, $7.25 per hour, for all hours worked. 29 U.S.C. § 206(a)(1). Defendants were (and are) legally obligated to pay Plaintiffs at the minimum rate of $7.25 per hour.

35. However, due to the number of hours Plaintiffs worked, Defendants paid Plaintiffs at a rate that was (and is) below $7.25 per hour. In fact, during some workweeks, Plaintiffs were paid at an hourly rate of $1.11 per hour due to the number of hours Plaintiffs worked.

36. If Defendants classified Plaintiffs as exempt from the minimum wage requirements of the FLSA, they were misclassified.

37. As a result of the FLSA violation(s) described above, Defendants are liable to Plaintiffs for back wages equal to the difference between what the company should have paid and what it actually paid.

### Count No. 2 – Failure to Pay Overtime in Violation of 29 U.S.C. § 207

38. Plaintiffs adopt by reference all the facts set forth above. *See*, FED. R. CIV. P. 10(c).

39. During Plaintiffs' employment with Defendants, they were non-exempt employees. Because Plaintiffs were non-exempt employees, Defendants were (and are) legally obligated to pay Plaintiffs "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours he worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

40. However, Defendant did not pay Plaintiffs "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" as required by 29 U.S.C. § 207(a)(1). Instead, Defendants paid Plaintiffs, and other aides a "salary" of $1,000.00 per month, no matter how many hours they worked.

7

41. In other words, Defendants paid (and continue to pay) Plaintiffs and the other aides for their overtime at a rate less than one and one-half times the regular rate at which they were employed in violation of the FLSA.

42. If Defendants classified Plaintiffs as exempt from the maximum hour requirements of the FLSA, they were misclassified.

43. As a result of the FLSA violation(s) described above, Defendants are liable to Plaintiffs for back wages equal to the difference between what the company should have paid and what it actually paid.

### Count No. 3 – Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

44. Plaintiffs adopt by reference all the facts set forth above. *See*, FED. R. CIV. P. 10(c).

45. The FLSA requires employers to keep accurate records of hours worked by and wages paid to non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

46. In addition to the violations of the FLSA described within this Complaint, Defendants also failed to keep proper time and pay records as required by the FLSA.

### Count No. 4 - Willful Violation of the FLSA under 29 U.S.C. § 255(a)

47. Plaintiffs adopt by reference all the facts set forth above. *See*, FED. R. CIV. P. 10(c).

48. Defendants willfully violated the FLSA because they knew or showed a reckless disregard for whether their pay practices were unlawful.

49. During Plaintiffs' employment with Defendants, the company did not maintain accurate time and pay records for Plaintiffs as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

50. Additionally, Defendants continued the pay practice(s) complained of by Plaintiffs

without investigation after being put on notice that the pay practice(s) violated the FLSA.

51. Therefore, because Defendants willfully violated the FLSA, the company is liable to Plaintiffs for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

### Count No. 5 – Collective Action Allegations Under 29 U.S.C. § 216(b)

52. Plaintiffs adopt by reference all the facts set forth above. *See*, FED. R. CIV. P. 10(c).

53. On information and belief, other employees of Defendants have been victimized by the FLSA violation(s) described above.

54. These employees are similarly situated to Plaintiffs because, during the relevant time period, they held similar positions, were misclassified as independent contractors, and were compensated in the same or a similar manner, which, as explained herein, violates the FLSA.

55. Defendants' unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the members of the Overtime Collective (defined below).

56. Since Plaintiffs' experiences are typical of the experiences of the members of the Overtime Collective, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

57. For these reasons and under 29 U.S.C. § 216(b), Plaintiffs request that the Court authorize notice regarding the pendency of this case and the right to join it in the following collective(s):

> All aides employed by Defendants during the last three years at the home located at 6146 Southwell Lane, League City, Texas 77573 (the "Overtime Collective").

58. Defendants are liable to Plaintiffs and the members of the Overtime Collective for

back wages equal to the difference between what the company should have paid and what it actually paid.

59. Plaintiffs have retained competent and capable attorneys who are experienced in complex employment litigation (including collective actions); Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of them and the members of the Overtime Collective, have the financial resources to do so and do not have interest that are contrary to or that conflict with those of the proposed collective(s).

## Count No. 6 – Liquidated Damages, Attorneys' Fees & Costs under 29 U.S.C. § 216(b)

60. Plaintiffs adopt by reference all the facts set forth above. See, Fed. R. Civ.P. 10(c).

61. Plaintiffs are authorized to recover liquidated damages on their claims by statute. 29 U.S.C. § 216(b).

62. Plaintiffs are authorized to recover attorneys' fees and costs on their claims by statute. 29 U.S.C. § 216(b).

63. Plaintiffs have retained the professional services of the undersigned attorney, as well as the attorneys who file a Notice of Appearance on Plaintiff's behalf.

64. Therefore, Plaintiffs have complied with the conditions precedent to recovering attorneys' fees and costs.

65. Plaintiffs have incurred or may incur attorneys' fees and costs in bringing this lawsuit.

66. The attorneys' fees and costs incurred or that may be incurred by Plaintiffs were or are reasonable and necessary.

67. Defendants are liable to Plaintiffs and the members of the Overtime Collective for

liquidated damages, attorneys' fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## VI. JURY DEMAND

68. Plaintiffs request a trial by jury.

## VII. RELIEF SOUGHT

69. Plaintiffs demands the following relief:

   a) an order under 29 U.S.C. § 216(b) authorizing notice regarding the pendency of this case and the right to join it to the Overtime Collective;

   b) an order appointing Plaintiffs as the representatives of the Overtime Collective;

   c) an order appointing Space City Law Firm counsel for the Overtime Collective;

   d) an incentive award for Plaintiffs for serving as representatives of the Overtime Collective if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

   e) judgment against Defendants in Plaintiffs' favor both individually and on behalf of the members of the Overtime Collective for back wages, liquidated damages and attorneys' fees, plus interest and costs; and

   f) all other relief and sums that may be adjudged against Defendants in Plaintiffs' favor both individually and on behalf of the members of the Overtime Collective.

Respectfully Submitted,

**SPACE CITY LAW FIRM**

/s/Bridget Davidson
Bridget Davidson
*bdavidson@spacecitylaw.com*
SD Bar No.: 3005005
TBN: 24096858
3603 Sierra Pines Drive
Houston, Texas 77068
Tel.: 713-397-6075
Fax: 713-58301107

ATTORNEY FOR PLAINTIFFS